IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE PATRIOTS FOUNDATION<br>4020 121st Street<br>Urbandale, Iowa 50323,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL ELECTION COMMISSION<br>1050 First Street, NE<br>Washington, DC 20463,<br><br>    Defendant. | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1. This is an action under the Federal Election Campaign Act ("FECA" or the "Act"), 52 U.S.C. § 30109(a)(8)(A), for unlawful agency delay.

2. Plaintiff, The Patriots Foundation (hereinafter "Plaintiff" or "TPF"), seeks injunctive and declaratory relief to compel Defendant Federal Election Commission ("FEC") to take action on Plaintiff's Administrative Complaint alleging violations of FECA and corresponding FEC regulations governing contribution limits, contribution source prohibitions, and political committee reporting provisions.

3. Plaintiff filed an administrative complaint with the FEC on April 8, 2020, alleging that Media Matters for America, American Bridge 21st Century Foundation, American Bridge 21st Century PAC, Correct the Record PAC, and David Brock (together, the "Administrative Respondents") violated various FECA provisions establishing contribution limits, contribution source prohibitions, and public disclosure and reporting requirements by making or receiving

excessive or prohibited and unreported in-kind contributions to one another by coordinating their activities with one another.  Ex. 1, Admin. Compl. at 11-15.[1]  The FEC acknowledged receipt of Plaintiff's Administrative Complaint on April 8, 2020, by letter dated April 13, 2020, and informed Plaintiff that the FEC had "numbered this matter MUR 7726."  Ex. 2.

4. Plaintiff's Administrative Complaint asked the FEC to find that the Administrative Respondents violated 2 U.S.C. § 30104: (1) when American Bridge 21st Century PAC and Correct the Record PAC failed to report uncompensated services received from Media Matters For America; and (2) when American Bridge 21st Century Foundation made unreported in-kind contributions to American Bridge 21st Century PAC. Plaintiff's Administrative Complaint further asked the FEC to find that the Administrative Respondents violated 2 U.S.C. § 30116 when Correct the Record PAC and American Bridge 21st Century PAC made prohibited contributions to Hillary Clinton's 2016 presidential campaign and when American Bridge 21st Century PAC made prohibited in-kind contributions to a variety of Democratic campaigns. Finally, Plaintiff's complaint also asked the FEC to conduct an investigation to determine whether a violation had occurred. Ex. 1, Admin. Compl. at 12-16.

5. The Act provides administrative complainants with a cause of action against the FEC if the agency fails to act on an administrative complaint within 120 days. 52 U.S.C. § 30109(a)(8)(A).

6. More than 120 days have passed since Plaintiff filed its administrative complaint, and the FEC has taken no action on that complaint.  Except for a brief period from June 5, 2020, to July 3, 2020, the FEC has lacked a quorum of four Commissioners and is unable to conduct

---

[1] The Exhibits to the Administrative Complaint have not been included due to the ECF systems file size limitations.

most agency business, including voting to take action on administrative complaints. The lack of a quorum does not toll the 120-day time period under 52 U.S.C. § 30109(a)(8)(A).

7. Plaintiff has suffered an injury-in-fact by being deprived of full disclosure of the activities undertaken by the Administrative Respondents and other information regarding the nature of the ongoing relationships among the Administrative Respondents. Plaintiff lacks information, for instance, about: (i) Media Matters for America's unreported and/or unlawful contributions to Correct the Record PAC, American Bridge 21st Century PAC, and Hillary for America, Hillary Clinton's 2016 campaign; (ii) whether American Bridge 21st Century PAC accurately reported payments received from American Bridge 21st Century Foundation; and (iii) Correct the Record PAC's and American Bridge 21st Century PAC's unreported in-kind contributions to Hillary for America. This is information to which Plaintiff is legally entitled under FECA and which the FEC should determine must be disclosed.

## JURISDICTION AND VENUE

8. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 52 U.S.C. § 30109(a)(8)(A). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9. Venue lies in this district under 52 U.S.C. § 30109(a)(8)(A).

10. Plaintiff has Article III standing to bring this suit as it has suffered an injury-in-fact in the form of deprivation of information that is required to be disclosed under FECA. *See FEC v. Akins*, 524 U.S. 11, 21 (1998) ("[A] plaintiff suffers an 'injury in fact' when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute").

## THE PARTIES

11. TPF is a nonpartisan, nonprofit organization that serves as a watchdog to promote open and transparent government while monitoring the activities of policymakers and actors within the policy arena. TPF seeks to shine light on the workings of the federal government and to promote accountability of elected, appointed, and employed government officials as well as candidates for public office.

12. As part of its efforts, TPF uses public disclosure reports that are required to be filed with the FEC to educate the public about campaign spending and the true sources and scope of candidates' financial support so that the public may fully evaluate candidates for public office. TPF relies on the accurate and complete reporting of campaign finance information to carry out this activity which is central to its mission.

13. Further, TPF files FEC complaints requesting that enforcement actions be taken against individuals and organizations that violate federal campaign finance law. The Patriots Foundation uses its analysis of federal campaign finance disclosure information to supports its activities before the FEC.

14. When public disclosure reports that are required to be filed with the FEC are incomplete, inadequate, or inaccurate, it obstructs TPF's ability to carry out these activities, among others, in furtherance of its mission. When TPF is forced to file an administrative complaint in the hopes of rectifying the situation, the organization must divert resources and funds from other organizational operations.

15. Defendant FEC is an independent federal agency charged with the administration and civil enforcement of FECA. 52 U.S.C. § 30106(b).

**BACKGROUND**

16. David Brock is a Democratic political operative and consultant who establishes, oversees, and operates a collection of related entities that share the common goal of electing Democratic candidates. These related entities include: Media Matters for America; American Bridge 21st Century PAC; American Bridge 21st Century Foundation; and Correct the Record PAC. Ex. 1, Admin. Compl. at 2.

17. In August 2003, Brock established Media Matters for America as an incorporated, tax-exempt Section 501(c)(3) organization. During the 2015-2016 period, Media Matters for America took direction from, and performed work in coordination with, Hillary for America. *Id.* at 3. TPF's Administrative Complaint alleged that this work constituted an unreported and prohibited corporate in-kind contribution in the form of media services from Media Matters for America to Hillary for America, which Hillary for America was required to include on public disclosure reports filed with the FEC.

18. American Bridge 21st Century PAC is an independent expenditure-only committee (i.e., "Super PAC") founded by Brock in 2010.

19. American Bridge 21st Century Foundation was established as a Section 501(c)(4) organization and serves as an advocacy arm of American Bridge 21st Century PAC.

20. American Bridge 21st Century PAC and American Bridge 21st Century Foundation share staff, office space, and equipment, and American Bridge 21st Century Foundation regularly reimburses American Bridge 21st Century PAC for a share of these expenses. *Id.* at 5.

21. According to public filings submitted to the Internal Revenue Service and FEC, Media Matters for America, Correct the Record PAC, American Bridge 21st Century PAC, and American Bridge 21st Century Foundation all share office space located at 455 Massachusetts Avenue, NW, Washington, DC 20001.

22. In recent audited financial statements, American Bridge 21st Century Foundation acknowledged that there is no formal agreement relating to the allocation of expenses between the two entities, and that allocations are made based on management and budget estimates. At the end of 2016, 2017, and 2018, American Bridge 21st Century Foundation reported that it did not fully repay American Bridge 21st Century PAC for its share of expenses. *Id.*

23. TPF's Administrative Complaint alleged that insofar as the amounts paid to American Bridge 21st Century PAC by American Bridge 21st Century Foundation were estimates rather than actual costs, the amounts reported to the FEC by American Bridge 21st Century PAC were inaccurate and do not accurately disclose the financial activity or financial relationship between the two entities.

24. Correct the Record PAC has publicly acknowledged that it worked in concert with Hillary for America during the 2016 presidential election period. *Id*. at 6.

25. During 2016, American Bridge 21st Century PAC purported to make independent expenditures in support of Hillary Clinton. However, David Brock received a salary from both American Bridge 21st Century PAC and Correct the Record PAC, which openly coordinated with Hillary for America. American Bridge 21st Century PAC and Correct the Record PAC also shared at least seven staff members in 2016, and American Bridge 21st Century PAC reported making in-kind disbursements to Correct the Record PAC in 2016.

26. Plaintiff's Administrative Complaint alleged that American Bridge 21st Century PAC's close relationship with Correct the Record PAC, which Brock described as "a surrogate arm" of the Clinton campaign, defeats the possibility that American Bridge 21st Century PAC operated independently of the Clinton campaign. The lack of actual independence of American Bridge 21st Century PAC from Hillary for America means that American Bridge 21st Century

PAC's expenditures in support of Hillary Clinton's election were misreported as independent expenditures and should have been reported by Hillary for America as in-kind contributions.

27. TPF's Administrative Complaint alleged that David Brock's network of organizations work in tandem to achieve the common goal of electing Democrats to office, and in doing so, they coordinate and share resources and work product across the network of organizations. Ex. 1, Admin. Compl. at 2-8.

28. TPF's Administrative Complaint details multiple and ongoing instances of unreported in-kind contributions made and received among Brock's organizations, including to and from political committees that are subject to FECA-based reporting and disclosure requirements.

29. FECA defines the term "contribution" to include "any gift, subscription, loan, advance, or deposit of money or anything of value made by any person for the purpose of influencing any election for Federal office." 52 U.S.C. § 30101(8)(A)(i); 11 C.F.R. § 100.52.

30. "Anything of value" includes "the provision of any goods or services without charge or at a charge that is less than the usual and normal charge for such goods or services." 11 C.F.R. § 100.52(d)(1).

31. "Expenditures made by any person in cooperation, consultation, or concert, with, or at the request or suggestion of, a candidate, his authorized political committees, or their agents, shall be considered to be a contribution to such candidate." 52 U.S.C. § 30116(a)(7)(B)(i); *see also* 11 C.F.R. §§ 109.20, 109.21.

32. Unless otherwise exempted, "the provision of any goods or services without charge or at a charge that is less than the usual and normal charge for such goods or services is a contribution." 11 C.F.R. § 100.52(d)(1).

33. In-kind contributions are subject to the same source prohibitions and amount limitations as ordinary contributions. 52 U.S.C. § 30116(a)(1)(A).

34. Corporations are prohibited from making contributions to federal candidates, federal political committees, and federal party committees. 52 U.S.C. § 30118(a).

35. Political committees must file public disclosure reports with the FEC which include details regarding all disbursements made and all contributions received, including in-kind contributions. 52 U.S.C. § 30104(b); 11 C.F.R. Part 104.

## ADMINISTRATIVE PROCEEDINGS

36. On April 8, 2020, The Patriots Foundation, through its President, Craig Robinson, filed an administrative complaint with the FEC against Media Matters for America, American Bridge 21st Century Foundation, American Bridge 21st Century PAC, Correct the Record PAC, and David Brock, alleging violations of FECA pertaining to contribution limits, source prohibitions, and political committee reporting requirements set forth at 52 U.S.C. §§ 30104, 30116, and 30118 and corresponding FEC regulations.

37. By letter dated April 13, 2020, the FEC acknowledged receipt of the administrative complaint filed by TPF. The matter was designated by the FEC as MUR 7726.

38. Upon information and belief, the FEC has failed to act on TPF's Administrative Complaint against the Administrative Respondents, which has been pending now for more than 120 days.

## CAUSE OF ACTION
## FECA, 52 U.S.C. § 30109(a)(8)(A)

39. Plaintiff repeats and realleges paragraphs 1 – 38 as if fully stated herein.

40. The FEC's failure to act on TPF's administrative complaint is contrary to law under 52 U.S.C. § 30109(a)(8)(A), which provides that "[a]ny party aggrieved … by a failure of the Commission to act on such complaint during the 120-day period beginning on the date the complaint is filed, may file a petition with the United States District Court for the District of Columbia."

41. More than 120 days have passed since the filing of the administrative complaint.

42. TPF seeks injunctive and declaratory relief to compel the FEC to take action on TPF's Administrative Complaint alleging violations of FECA and corresponding FEC regulations governing contribution limits, contribution source prohibitions, and political committee reporting provisions.

43. Due to the illegal inaction by the FEC, TPF is being deprived of full disclosure of the activities undertaken by the Administrative Respondents and other information regarding the nature of the ongoing relationships among the Administrative Respondents.

## REQUESTED RELIEF

WHEREFORE, Plaintiff requests that this Court:

(1) Declare that the FEC's failure to act on TPF's Administrative Complaint is contrary to law under 52 U.S.C. § 30109(a)(8)(A);

(2) Order the FEC to conform with such declaration within 30 days pursuant to 52 U.S.C. § 30109(a)(8)(C);

(3) Award TPF its costs and reasonable attorneys' fees incurred in this action;

(4) Grant such other relief the Court may deem just and proper.

Date:  August 13, 2020                                Respectfully submitted,

<u>*/s/Jason Torchinsky*</u>
Jason Torchinsky (D.C. Bar No. 976033)
jtorchinsky@hvjlaw.com
J. Michael Bayes (D.C. Bar No. 501845)
jmbayes@hvjlaw.com
Jonathan P. Lienhard (D.C. Bar No. 474253)
jlienhard@hvjt.law
HOLTZMAN VOGEL JOSEFIAK TORCHINSKY PLLC
45 North Hill Drive, Suite 100
Warrenton, VA 20186
Tel: (540) 341-8808
Fax: (540) 341-8809

*Counsel for Plaintiff The Patriots Foundation*

## CERTIFICATE OF SERVICE

I certify that the foregoing complaint will be served as soon as the summons is available on the following persons by certified mail, return receipt requested, and that a courtesy copy will be emailed to Kevin Deeley, FEC's Associate General Counsel for Litigation, at kdeeley@fec.gov:

General Counsel
Federal Election Commission
1050 First Street Northeast
Washington, DC 20463

And

Attorney General William Barr
c/o Assistant U.S. Attorney of Administration
Justice Management Division
950 Pennsylvania Ave. NW
Room 1111
Washington, D.C. 20530

And

Michael R. Sherwin
Acting United States Attorney for the District of Columbia
Civil Process Clerk
555 4th St. N.W.
Washington, D.C. 20530

*/s/Jason Torchinsky*

Jason Torchinsky